The People of Puerto Rico, Plaintiff and Appellee, *v.* José Beltrán Ortiz, Defendant and Appellant.

No. 6756. Decided May 4, 1938.

*C. Iriarte, F. Fernández Cuyar*, and *H. González Blanes* for appellant. *R. A. Gómez* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

In this case the defendant-appellant has petitioned this court "to order that the lower court grant the stenographer a term which may be ample and sufficient, but peremptory and not subject to extension, to prepare and file the transcript of the evidence in the instant case, and to further extend until fifteen days from that date the extension which has been granted to the defendant to prosecute the appeal, in order that the transcript may be examined by the parties and sent up to this Hon. Court."

██ We are dealing with an appeal taken from a judgment rendered on January 14, 1937, sentencing the appellant, for the commission of the crime of carrying forbidden weapons, to three months in jail. The information was filed on April 8, 1936, and the act charged was committed on January 17, 1936. Thus over a year and three months ago this appellant was convicted by a district court of a crime committed more than two years ago and the appeal taken from the judgment is still pending in the trial court. The dates noted show that there is something irregular in the proceeding. The proper administration of justice is opposed to such delay.

Some months ago we were obliged to study this same case and to deliver a long opinion for the purposes of considering and deciding certain questions raised by a motion of the defendant praying that he be allowed to litigate *in forma pauperis.* 52 P.R.R. 537. Then—January 28, 1938—we decided that the district judge should hear the appellant on the point and as a consequence the prosecution of the appeal was suspended until March 31, 1938.

On March 4, 1938, the appellant informed this Supreme Court that the district court had finally granted him the request to litigate *in forma pauperis* but that it had refused to order the stenographer to give preference to the transcript of the record, for which reason he was requesting an extension of the term. And this court did extend it to April 30, 1938. And now, one day before that term expires, the new motion is filed which we are considering for proper disposition.

A careful study of the record easily leads to the conclusion that if the appellant had adopted a reasonable attitude, he could have prepared, with less energy than that used on incidents and in a very short time, a statement of the case for the purposes of prosecuting his appeal and protecting all his rights.

The judgment appealed from says:

"The trial of this action was held on December 8, 1936. The parties stipulated that the case be submitted on the evidence presented in case No. 2410 brought by The People against the defendant, for murder; and the defendant obtained a term to file a memorandum, which he did not do, for which reason the court fixed January 11, 1937 to pronounce the sentence; and this setting was continued until today, January 14, 1937.

"When the defendant appeared on January 11 he alleged that he was carrying the weapon but that he was carrying it incidentally and that he had a right to use his revolver because he caught someone inside his commercial establishment and when he was going out, when he was already in the street, the defendant fired several shots at him. The defendant admits, then, that he pursued the victim

after the latter had left the establishment and attacked him when he was already in the street. The theory of the defendant shows him to be guilty of the crime with which he is charged. The defendant had a right to carry a weapon within his establishment, but he did not have a right to carry it and use it outside his establishment on the public road, while the victim fled.

"The court renders judgment convicting José Beltrán Ortiz of the crime of carrying forbidden weapons and sentencing him to three months in jail. And it is provided. . . . ."

This shows that the stenographic transcript which is requested is that of the case for murder brought against the same appellant, on the evidence of which he submitted the instant case for carrying weapons. We do not know the outcome of the murder case. What we do know is that in the case for carrying weapons he insists upon obtaining from the stenographer a free transcript of the entire record of the murder case, on the strength of the allowance of his petition to litigate *in forma pauperis.*

It must certainly be a voluminous transcript, a great part of which must be immaterial for the purposes of this appeal. And there is nothing to indicate that the appellant has communicated with the stenographer so that he may devote no more time to the work than is really necessary. On the contrary, in view of the attitude of the parties, it may well be assumed that there has been no such communication.

But the judgment reveals something further. It shows in itself that the question involved is one which, with the help of some stenographic notes, or the parties' own notes, could have been set out in a statement of not more than a few pages and approved by the judge. And that was not done, nor has it been shown that it was not feasible. There is no showing that it was even attempted.

The law regulating litigation by paupers cannot be more just. It guarantees to a poor defendant who cannot really pay the costs of an appeal, the benefit of the same without paying the costs. All the officers of the court are put at

his disposal. But that does not mean that a just law may be invoked to obtain carte blanche more than is really necessary. ·

As we are not convinced that a further stay in the prosecution of the appeal is justified, we must deny the motion of the appellant and the appeal will continue to be prosecuted until it is decided in accordance with the law.